IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE MANUEL ROMERO-PARADA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:20-CV-5731
CRIM. NO. 2:17-CR-164(6)
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner brings this Motion to Vacate under 28 U.S.C. § 2255. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

On November 3, 2020, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255 challenging his convictions pursuant to his guilty plea on conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d). Petitioner asserts that he was denied the effective assistance of counsel. On November 16, 2020, the Court granted Respondent's request for a stay of proceedings pending Petitioner's written submission of his waiver of his attorney-client privilege as it relates to this claim, advising Petitioner that the failure to submit a waiver of his attorney-client privilege may result in the dismissal of this action. (*Order*, ECF No. 1138.) On December 11, 2020, the Court issued a Show Cause Order directing Petitioner to show cause, within ten days, as to why this action should not be dismissed for failure to prosecute by Petitioner's refusal to submit a waiver of his attorney-client privilege. (ECF No. 1152.) Still, to date, Petitioner has

failed to respond or comply with this Court's Order directing him to submit a waiver of his attorney-client privilege.

## II.

The Federal Rules of Civil Procedure may be used in habeas corpus "to the extent that they are not inconsistent with any statutory provisions or these rules[.]" Rule 12, Rules Governing Section 2255 Proceedings. The Court's inherent authority to dismiss a plaintiff's action or particular claims within an action with prejudice because of his failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629-31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999). "Rule 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Steward v. City of Jackson, Tenn.*, 9 F. App'x 294, 296 (6th Cir. 2001) (citing *Link*, 370 U.S. 626 at 630).

To date, Petitioner has failed to respond to the Court's November 16, 2020, Order or the Court's December 11, 2020, Show Cause Order. Further, Petitioner has been cautioned that his failure submit a waiver of his attorney-client privilege may result in the dismissal of this action. Still, to date, he has failed to respond. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether

dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 9 F. App'x 294, 296 (6th Cir. 2001).

It is therefore **RECOMMENDED** that the Court **DISMISS** this action **WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this *Report and Recommendation*, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE