**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOSE MANUEL ROMERO-PARADA,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:20-CV-5731
CRIM. NO. 2:17-CR-164(6)
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

Petitioner has filed what has been docketed as a motion requesting the Court to hold his *pro se* brief to less stringent standards than one prepared by a lawyer (ECF No. 1183), objecting to the Magistrate Judge's recommendation of dismissal of this action for failure to prosecute due to Petitioner's failure to submit a waiver of his attorney-client privilege as it relates to his claims. For the reasons that follow, Petitioner's objection (ECF No. 1183) is **OVERRULED.** The Report and Recommendation (ECF No. 1158) is **ADOPTED** and **AFFIRMED.** This action hereby is **DISMISSED** with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court **DECLINES** to issue a certificate of appealability.

### I.     Background

On November 20, 2020, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255. He asserts that he was denied the effective assistance of counsel in connection with his guilty plea to conspiracy to commit racketeering, a violation of 18 U.S.C. § 1962(d).  (ECF No. 1129.) On November 16, 2020, the Court issued an Order granting Respondent's request to hold proceedings in abeyance pending Petitioner's waiver of his attorney-client privilege and

directing Petitioner to submit a written waiver of his attorney-client privilege as it relates to his claims. (ECF No. 1138.) Petitioner failed to submit a waiver of his attorney-client privilege. On December 11, 2020, the Court directed Petitioner to show cause within ten days as to why this action should not be dismissed for failure to prosecute by his refusal to submit a waiver of his attorney-client privilege. (ECF No. 1158.) On December 28, 2020, the Magistrate Judge issued a Report and Recommendation recommending that this action be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 1158.) On that same date, Petitioner requested an extension of time, referring to his *pro se* incarcerated status, difficulty understanding English, mail problems at the prison, and lockdowns imposed due to the COVID-19 pandemic. (ECF No. 1159.) On January 29, 2021, Petitioner filed a "Motion in Opposition to Government Denying Petitioner Sixth Amendment Right to Counsel Client Privilege," objecting to the submission of his attorney-client waiver and requesting liberal construction of his pleadings. (ECF No. 1183.)

## II. Discussion

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. The Court liberally construes the pleadings of pro se prisoners. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (allegations of the *pro se* complaint will be held to a less stringent standard than formal pleadings drafted by lawyers). Nonetheless, Petitioner's objection is **OVERRULED**.

Petitioner implicitly has waived his attorney-client privilege in view of the nature of his claim of ineffective assistance of counsel. (*See Order*, ECF No. 1138, PAGEID # 4647-49.) Moreover, it has been the practice of this Court to require the petitioner to submit a written waiver of his attorney-client privilege in order to address a claim of ineffective assistance of counsel, limited solely to any communications pertinent to that claim. The record reflects no

basis to make an exception to that practice here. Further, the Court has repeatedly cautioned the Petitioner that his failure to submit a written waiver of his attorney-client privilege will result in a dismissal of this action. Still, Petitioner has not submitted a written waiver of his attorney-client privilege. Therefore, the Court hereby **DISMISSES** this action with prejudice for failure to prosecute pursuant to Rule 41(b).

### III.     Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Reasonable jurists would not debate the dismissal of this action.  The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that a request to proceed *in forma pauperis* on appeal should be denied.

**IT IS SO ORDERED**.

s/Edmund A. Sargus, Jr. 2/8/2021
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE