# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

        Plaintiff,      :    Case No. 2:17-cr-164 (6)
                                     also 2:20-cv-05731

    - vs -                       District Judge Edmund A. Sargus, Jr.
                                     Magistrate Judge Michael R. Merz

JOSE MANUEL ROMERO-PARADA
                                     :
        Defendant.

## REPORT AND RECOMMENDATION

This proceeding under 28 U.S.C. § 2255 is before the Court on remand[1] from the United States Court of Appeals for the Sixth Circuit in *In re: Jose Manuel Romero-Parada,* Case No. 21-3473 (6th Cir. Dec. 15, 2021)(copy at ECF No. 1415). In that proceeding Defendant sought leave under 28 U.S.C. § 2244 to file a second or successive § 2255 motion. The circuit court held that no such permission was required because Defendant's proposed motion to vacate was not second or successive in that his first § 2255 motion was dismissed for "technical procedural reasons."[2] *Id.* at PageID 6394.

Magistrate Judge Vascura construed the filings at ECF No. 1416, forwarded to this Court from

---

[1] It is unclear why the circuit court worded its order as a remand since the case was not before it on a transfer from this Court, but on an original filing in the circuit court.
[2] The § 2255 motion had been dismissed with prejudice for Defendant's failure to file a waiver of attorney-client privilege as to his trial attorney whom he alleged had provided ineffective assistance of counsel (ECF Nos. 1152, 1158, 1188). Defendant did not appeal. The attorney-client privilege problem has been obviated by Magistrate Judge Vascura's recognition that a waiver of the privilege is properly implied by the ineffective assistance of trial counsel claim as to relevant communications (Order, ECF No. 1422, PageID 7053).

1

the circuit court, as comprising Defendant's second motion under 28 U.S.C. § 2255 (ECF No. 1422, PageID 7052). Defendant has not objected to that construction of ECF No. 1416 nor suggested that there are other claims that he has made that are not reflected in those combined documents and that is the § 2255 Motion to which the United States has responded. Upon the filing of the Government's Response, the Court notified Defendant of his opportunity to file a reply by May 16, 2022 (ECF No. 1453). As of the date of this Report, no reply has been received and docketed by the Clerk.

Defendant has several times reminded this Court and the Sixth Circuit of its duty to construe his pleadings liberally because he is proceeding *pro se*. The Court recognizes that duty as recognized by *Haines v. Kerner*, 404 U.S. 519 (1972), and *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This Report will proceed by setting forth each claim the Magistrate Judge understands Defendant to be making and then analyzing that claim in terms of the applicable law.

# Generally Applicable Law

**Procedural Default**

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406

(6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*.

3

> Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

A petitioner can fail to meet procedural requirements in two ways:

> First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.
>
> Second, a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures. If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted.

*Smith v. Warden, Toledo Corr. Inst.*, 2019 U.S. App. LEXIS 18196 * 19 (6th Cir. Jun. 18, 2019), quoting *Lundgren v. Mitchell*, 440 F.3d 754, 806 (6th Cir. 2006).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999)); see

4

also *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]"). The corollary to this rule is that where a petitioner raised a claim in the state court but in violation of a state's procedural rule, a state court must expressly reject the claim on that procedural ground for a federal court to deem the claim defaulted. *See Williams*, 460 F.3d at 806 (noting that a state court's expressed rejection of a petitioner's claim on a procedural basis and petitioner's complete failure to raise a claim in state court are the two ways a claim can be in procedural default).

The procedural default analysis of *Wainwright* and its progeny is fully applicable to § 2255 motions. *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993).

**Waiver of Remedy by Plea Agreement**

A defendant who pleads guilty pursuant to a plea agreement may validly and effectively waive his or her rights to appeal or to attack the conviction collaterally. *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017); *United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012); *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006); *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *United States v. Fleming,* 239 F.3d 761, 763-64 (6th Cir. 2001). Only challenges to the waiver itself will be entertained on appeal. *United States v. Toth*, 668 F.3d 374 (6th Cir. 2012). Appeal of denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on appeal and thus comes within an appeal waiver. *Toth*. A defendant who has knowingly, intelligently, and voluntarily agreed not to contest his sentence in any post-conviction proceeding has waived the right to file a § 2255 motion.

*Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

**Forfeiture of Remedy by Guilty Plea**

A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). "[A] voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012), citing *United States v. Martin*, 526 F.3d 926, 932 (2008), citing *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991).

**Application of Law to Claims Made by Defendant**

**Claim: This Court did not follow Fed.R.Civ.P. 52 in deciding Defendant's first § 2255 Motion**

At several places in his motion papers, Defendant claims this Court violated Fed.R.Civ.P. 52 when it did not decide the issues presented in his first § 2255 motion. That claim is procedurally defaulted by Defendant's failure to appeal from that first decision.

**Claim: The statute under which Defendant was convicted has been held to be unconstitutional in *United States v. Davis*, 139 S. Ct. 2319 (2019).**

Defendant claims the statute under which he was convicted has been declared unconstitutional in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019). That is not a correct reading of *Davis*. In that case the Supreme Court held that the "residual" clause definition of "violent felony", in 18 U.S.C. § 924(c)(3)(B) providing mandatory minimum sentences based on using, carrying, or possessing a firearm in connection with a federal crime of violence, was unconstitutionally vague under due process and separation of powers principles. Defendant was not sentenced under the residual clause of § 924 or of any statute with parallel residual clause language. Instead, Defendant was convicted and sentenced under 18 U.S.C. § 1962(d)(Judgment, ECF No. 969, PageID 3632).

**Claim: Defendant was convicted on evidence seized in violation of the Fourth Amendment**

Defendant claims at various points that he was convicted on evidence seized from him in violation of his Fourth Amendment rights (See, e.g., ECF No. 1416-1, PageID 6940). This claim is barred by the collateral attack waiver in the Plea Agreement which provides:

> **Waiver of Appeal:** In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the conviction or sentence imposed, except if the sentence imposed exceeds the statutory maximum. The Defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255. However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

(Plea Agreement, ECF No. 831, PageID 2946). This claim is also forfeited by Defendant's plea

7

of guilty.

Finally, federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* applies to Fourth Amendment claims brought in § 2255 motions. *Ray v. United States,* 721 F.3d 758, 761-762(6th Cir. 2013). Federal criminal practice provides a defendant with the opportunity for a motion to suppress illegally seized evidence. Defendant never made any Fourth Amendment claim before pleading guilty and his claim is not cognizable here.

**Claim: Defendant was under the age of eighteen when convicted.**

Defendant claims he was under the age of eighteen when convicted in this case. This claim is waived by the Plea Agreement, forfeited by the guilty plea, and procedurally defaulted by not being raised on appeal. It is also refuted by the record which shows Defendant was over the age of eighteen at all relevant times during his prosecution, conviction, and sentence[3].

**Claim: Defendant was selectively prosecuted because he is Latino.**

This claim is procedurally defaulted because it was not raised on direct appeal and was forfeited by Defendant's guilty plea. He presents no evidence of selective prosecution beyond the fact that he and his coconspirators are all members of a violent Latino conspiracy. He points to no invidious discrimination: what Black or Caucasian gang members have committed three murders

---

[3] The Presentence Investigation Report records Defendant's date of birth as October 19, 1994.

8

and been passed over for prosecution by the United States Attorney for this District?

**Claim: Defendant was deprived of the effective assistance of counsel**

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694. See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." Id., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

At one point in the papers accumulated into a § 2255 motion, Defendant claims in very general terms that he was deprived of the effective assistance of counsel guaranteed by the Sixth Amendment in regard to preparation for trial:

> (l) my court appointed counsel was ineffective
> (2) counsel never investigated my case, requested discovery, talked
> to witnesses for my defense

10

> (3) never investigated lab reports, police reports or crime scene
> (4) never tried to test any drugs or police evidence or get my own expert witness to test drugs or evidence against me
> (5) counsel never talked.to me only visited me a few times no spanish enterpreter [sic] most of the time did not understand court proceedings.4th, 5th,6th,8th,14th, amendments violated.
> (6) no due process equal, protections given to me at all. I was taken advantage of throughout the entire proceeding.  I did not stand a chance of winning.  Counsel ineffective did not assist me at all. Believed what the prosecution said not me.  Counsel no[t] prepared to assist me at all.

(ECF No. 1416-1, PageID 6943).

Criminal defendants are entitled to effective assistance of counsel in plea negotiations as well as at trial. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).  At another point in his motion papers, Defendant asserts he received ineffective assistance of trial counsel in plea negotiations.  He alleges that his "guilty plea was not knowingly and voluntarily entered because of ineffective assistance of counsel." (ECF No. 1416-4 at PageID 7011.)  He also states that he "was mislead (sic) into thinking that his arrangement in pleading guilty was the best avenue to take in this process. Yet he got a harsher sentence based upon the advise (sic) of counsel." *Id.* at PageID 7012. Finally, he claims his counsels' "misrepresentation that counsel negotiated a plea agreement which provided that [he] would not serve [the] maximum penalty constituted ineffective assistance of counsel." *Id.*  According to Defendant this "rendered [his] plea involuntary and had this been realized by defendant he would have proceeded to trial." *Id.*

The Government's Response thoroughly refutes Defendant's ineffective assistance of trial counsel in plea negotiations claim.  In contrast to Defendant's brief and conclusory statement of what his counsel did not do, the United States has provided counsel's Affidavit of what was done to prepare for a possible trial.  More importantly, Defendant has not shown how any of the omissions of which he accuses counsel would have made the case more difficult to defend at trial.

11

The Government even more thoroughly defends negotiation of the plea agreement. The Government had proof of Defendant's personal participation in three murders, although he had been indicted for only two at the time the Plea Agreement was negotiated. Conviction at trial on either of those counts would have carried a mandatory minimum sentence of life imprisonment and could have resulted in a death sentence. Under the Plea Agreement as negotiated, Defendant was to plead guilty to one count of racketeering conspiracy with no murder counts. The parties agreed on a binding range for sentencing of between thirty-five and forty years, which was less than the life imprisonment sentence provided by the Sentencing Guidelines. *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to satisfy the "prejudice" prong of *Strickland* in a negotiated plea case, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A § 2255 movant cannot satisfy this burden by claiming, in conclusory fashion, that absent counsel's errors, he would have gone to trial. Rather, he must show there is a reasonable probability that he would have received a better result than the one achieved by pleading. Defendant has made the claim in completely conclusory terms, but has offered no argument or evidence to show that would have been a reasonable choice.

An additional bar to Defendant's ineffective assistance of trial counsel claim is the thorough plea colloquy Judge Sargus conducted in this case. Defendant's claim that he did not understand the Agreement or the proceedings or the possible penalties is refuted by his statements under oath in open court before the plea was accepted (Plea Tr. ECF No. 1448). If a defendant were free to contradict his sworn testimony under oath in later proceedings, the utility of plea agreements in resolving cases would be completely undermined. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999).

In sum, Defendant's claims of ineffective assistance of trial counsel are without merit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1416) be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 24, 2022.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #